By the Court—Robertson, J.,
(after stating the facts.) There is no evidence of the service on the defendant of any affidavits, or of the presentation of any to thé' Court, on which to found the application for an attachment. The Revised Statutes require that a Court, in all cases but two, specified therein, where any misconduct is committed, otherwise than in its view and presence, shall be satisfied by due proof, by affidavit, of the facts charged, and shall cause a copy of such affidavits to be served on the party accused, a reasonable time, to enable him to make a defense. One of such excepted cases is provided for in the next section, and the other is that of disobedience to a subpoena. (2 R. S., 535, § 3.) Ho such coursp was adopted in this case. A failure to appear can hardly be said to be misconduct committed in the presence of the Court, and it was evidently understood by such statute not to be so, when disobedience to a subpoena was expressly excepted. The contempt is not made out without proof both of the service of the order and the failure to appear. If either is required to be made out by affidavits, *591 both must be, and such affidavits must be served to enable the party charged to purge himself of any contempt by disproof of the facts constituting it, if it can be done. The attachment was irregular and properly set aside.
The order must be affirmed with costs.